IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANE BYRNE, | § |
| | § |
| *Plaintiff*, | §  Civil Action |
| v. | §  Case No. |
| | §  Sec. |
| ANDREW WALLACE RIPPY and | §  Judge |
| SOUTHERN RETRIEVER CLOTHING | §  Mag. |
| COMPANY, LLC | § |
| | § |
| *Defendants*. | § |

**COMPLAINT**

Now into Court comes **Shane Byrne** ("Byrne" or "Plaintiff"), an individual residing in the state of Louisiana, who files this Complaint against **Andrew Wallace Rippy** and **Southern Retriever Clothing Company, LLC** (the "Clothing Company" or, collectively, "Defendants"), a domestic limited liability company doing business in the state of Alabama, as follows:

**JUSDICTION, VENUE, AND PARTIES**

1.      Mr. Byrne seeks a declaration of non-infringement and non-dilution; a judgment of infringement against Defendants for its use of the trademark pending in the United States Patent and Trademark Office under Serial No. 86/477,425; an injunction enjoining Defendants from asserting trademarks pending in the United States Patent and Trademark Office under Serial Nos. 86/475,930 and 86/477,425 against Mr. Byrne; and an injunction enjoining Defendants from using the trademark pending in the United States Patent and Trademark Office under Serial No. 86/477,425 in violation of 15 U.S.C. § 1052(d) and LA R.S. § 51:211 *et seq.*,

in Louisiana, the United States, and the business areas where Mr. Byrne as a senior user has sold his Southern Retrievers merchandise in commerce.

2. This United States District Court has original jurisdiction under 15 U.S.C. § 1119, 15 U.S.C. § 1121(a), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over all other claims asserted herein under 28 U.S.C. § 1367(a).

3. This United States District Court has jurisdiction under 15 U.S.C. § 1121 for claims under the Lanham Act (15 U.S.C. § 1051, *et seq.*); jurisdiction under 28 U.S.C. § 2201(a) for declaratory judgment; and supplemental jurisdiction under 28 U.S.C. § 1367 for state-law claims under Louisiana Trademark Law, La. R.S. 51:211, *et seq.*, the Louisiana Unfair Trade Practices Act (LUTPA), La. R.S. 51:1405, *et seq.*, and Louisiana Civil Code Article 2315, arising from the same transactions or occurrences and implicating the same questions of fact and related questions of law.

4. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391, where the Defendants are conducting commerce in Southeastern Louisiana.

**Plaintiff**

5. Mr. Byrne is the owner and founder of an online community at [www.instagram.com/southern_retrievers] and an online business at [www.southern-retrievers.com] that is used to market his "Southern Retrievers" brand and sell merchandise, such as decals, hats, shirts, and koozies, that feature the name and marks of Southern Retrievers. Mr. Byrne maintains his current address at 9131 Round Oak Drive, Baton Rouge, Louisiana 70817, and is Plaintiff here.

**Defendants**

6. Andrew Wallace Rippy is an individual, upon information and belief, domiciled at 3816 Ashley Drive S, Mobile, Alabama 36608, and is made Defendant here.

7. Southern Retriever Clothing Company, LLC is a company that, upon information and belief, has its principal place of business at 3816 Ashley Drive S, Mobile, Alabama 36608, and is made Defendant here.

## Federal Law

8. The Trademark Act of 1946, as amended, called the Lanham Act, codified at 15 U.S.C. § 1051, *et seq.*, governs registered and unregistered trademarks and unfair competition.

9. Registration of federal trademarks is administered by the United States Patent and Trademark Office ("USPTO").

10. Trademark rights, as provided in Lanham Act § 45 (15 U.S.C. § 1127), arise by exclusive use in commerce, and can be negated, abandoned, or lost by non-use or non-exclusive use.

11. False assertion of a trademark, whether or not federally registered, including false assertion of state-registered or common-law trademarks, is unfair competition or trade practice under Lanham Act Section 43(a) (15 U.S.C. § 1125(a)).

12. Under Lanham Act § 37 (15 U.S.C. § 1119), this District Court may properly determine whether Mr. Byrne owns the respective trademark rights claimed, and may enter an order that any trademark is valid or invalid, or that any registration should be validated or cancelled by the USPTO.

## Louisiana Law

13. Louisiana state-law trademarks are governed by La. R.S. 51:211, *et seq.*

14. False assertion of a trademark is unfair competition or trade practice under the Louisiana Unfair Trade Practices Act (LUTPA), La. R.S. 51:1405, *et seq.*, and is also actionable under Louisiana Civil Code Article 2315.

## BACKGROUND

15. Mr. Byrne has three trademarks pending in the United States Patent and Trademark Office under Serial Nos. 86/804,828; 86/804,850; and 86/804,882 (collectively, the "Southern Retrievers Marks and Name").

16. Mr. Byrne has used the Southern Retrievers Marks and Name in commerce as early as October 13, 2014 in connection with selling Southern Retrievers branded decals through e-mail orders and PayPal, an online service used to send and receive money, after advertising the decals on Instagram, a social media platform used to store and share photographs and videos. *See* Exs. A and B to this Complaint, which display the Instagram post advertising the decals for sale, and record the date of that post, respectively.

17. Mr. Byrne created an Instagram account with the name "Southern Retrievers," which is located at [www.instagram.com/southern_retrievers], and first posted on the Instagram account on November 29, 2013. *See* Ex. C to this Complaint, which records the date of the first Instagram post as November 29, 2013.

18. Since November 29, 2013, Mr. Byrne has organized an online community on his Southern Retrievers Instagram page. Mr. Byrne's target demographic with his online community are people who have a passion for sporting dogs and outdoor activities, such as hunting and fishing.

19. The Southern Retrievers Instagram has amassed a large following of online users by regularly posting pictures featuring sporting dogs and the outdoors for the followers to browse and enjoy.

20. As of December 2015, Mr. Byrne's Southern Retrievers Instagram account has posted over 1,660 times and has acquired at least 49,000 followers. *See* Ex. D.

21. Followers of the Southern Retrievers Instagram account regularly comment and "like" the pictures posted on the page. *See*, *e.g.*, Ex. E. As a result, a tight-knit online community was established of online users who are united by a common interest in sporting dogs and outdoor activities.

22. As a consequence of a growing following of online users of the Southern Retrievers Instagram, Mr. Byrne realized a demand for followers to support and represent the online community of people who have a passion for sporting dogs and outdoor activities by purchasing Southern Retrievers branded merchandise. This demand resulted in the creation of the Southern Retrievers Marks and Name, Southern Retrievers branded decals, and later a website and Facebook and other merchandise.

23. Mr. Byrne's Southern Retrievers Instagram is now also used to market his Southern Retrievers Marks and Name following its first commercial use on October 13, 2014 as shown in Exs. A and B.

24. Mr. Byrne registered [www.southern-retrievers.com] (the "Website") with GoDaddy.com, LLC, a website domain provider, on October 14, 2014 for the purpose of launching a website in order to create another channel to further market his Southern Retrievers brand and online community and sell merchandise featuring his Southern Retrievers Marks and Name to customers nationwide. *See* Ex. F to this Complaint.

25. Mr. Byrne has also created an online forum and classifieds page that are hosted on the Website for the purpose of allowing users to discuss hunting and dog training, breeding, and health.

26. On June 7, 2015, Mr. Byrne expanded his online presence and social media reach so as to promote his Southern Retrievers Marks and Name and online community by creating a Facebook account at [www.facebook.com/southernretrievers].

27. Mr. Byrne regularly and consistently conducts advertising, marketing, and promotions of his Southern Retrievers Marks and Name through his Website and also his Instagram and Facebook (collectively, "Social Media Accounts") as an effort to expand the growing popularity of his Southern Retrievers brand and online community.

28. In accordance with its business plan, in September 2015, Mr. Byrne expanded his Southern Retrievers brand's lineup of merchandise by printing his Southern Retrievers Marks and Name onto clothing and apparel and other accessories such as koozies, which are sold on his Website and marketed on his Website and Social Media Accounts.

29. Mr. Byrne prominently displays the Southern Retrievers Marks and Name on his Website, Social Media Accounts, and all of his available merchandise. *See*, *e.g.*, Ex. G to this Complaint. Mr. Byrne has used his Southern Retrievers Marks and Name in interstate commerce at least as early as October 13, 2014. The Website and Social Media Accounts are accessible worldwide and the merchandise containing the Southern Retrievers Marks and Name are available to be purchased on the Website and shipped nationwide.

30. Mr. Byrne has continuously engaged in the business of marketing his Southern Retrievers brand and online community and associated Southern Retrievers Marks and Name since the creation of his brand in November 2013, as confirmed with his first purchase order on October 13, 2014.

31. Southern Retrievers is the legitimate trade name of Mr. Byrne.

32.     Southern Retrievers Marks and Name are distinctive as applied to Mr. Byrne's business.

## Mr. Byrne's Federal Registrations Applications

33.     Mr. Byrne applied for a trademark registration for SR SOUTHERN RETRIEVERS (stylized and/or with design) in International Class 16 for use on decals on October 30, 2015; the application is now pending in the United States Patent and Trademark Office under Serial No. 86/804,828.  The mark as pending is pictured below:



The mark is described as follows: "The mark consists of dog with the letters SR overlay on neck of dog and Southern Retrievers along bottom of mark."  A true and correct copy of this application is attached as Ex. H.

34.     Mr. Byrne applied for a trademark registration for SR (stylized and/or with design) in International Class 16 for use on decals on October 30, 2015; the application is now pending in the United States Patent and Trademark Office under Serial No. 86/804,850.  The mark as pending is pictured below:



The mark is described as follows: "The mark consists of dog with letters SR overlay on neck of dog." A true and correct copy of this application is attached as Ex. I.

35. Mr. Byrne has applied for a trademark registration for SOUTHERN RETRIEVERS (word mark) in International Class 16 for use on decals on October 30, 2015; the application is now pending in the United States Patent and Trademark Office under Serial No. 86/804,882. The mark as pending is pictured below:

# SOUTHERN RETRIEVERS

A true and correct copy of this application is attached as Ex. J.

**Conduct of Defendants and Unauthorized Use of Mark**

36. Defendants have filed intent-to-use trademark applications under Section 1(B) of the Trademark Act of 1946 for (1) a word mark on "SOUTHERN RETRIEVERS" and (2) a logo of a silhouette of a retriever.

37. An applicant files a trademark application under Section 1(B) of the Trademark Act of 1946 when the applicant merely has the intent to use a mark in commerce but has not used the mark at the time of filing in a manner that would fulfill the "use in commerce" basis under Section 1(A) of the Trademark Act. *See* 37 C.F.R. § 2.34.

38. Defendants filed an intent-to-use trademark application under Section 1(B) of the Trademark Act of 1946 for a logo of a silhouette of a retriever in International Class 25 for use

on clothing on December 9, 2014; the application remains pending in the United States Patent and Trademark Office under Serial No. 86/475,930. The mark as pending is pictured below:



The mark is described as follows: "The mark consists of the silhouette of a retriever." A true and correct copy of this application is attached as Ex. K.

39. Defendants have not amended the above intent-to-use trademark application to allege a date of first use of the mark in commerce. *See* Ex. K.

40. Defendants filed an intent-to-use trademark application under Section 1(B) of the Trademark Act of 1946 for SOUTHERN RETRIEVER for clothing in International Class 25 on December 11, 2014; the application remains pending in the United States Patent and Trademark Office under Serial No. 86/477,425. The mark as pending is pictured below:

# SOUTHERN RETRIEVER

A true and correct copy of this application is attached as Ex. L.

41. Defendants have not amended the above intent-to-use trademark application to allege a date of first use of the mark in commerce. *See* Ex. L.

42. Andrew Wallace Rippy registered Southern Retriever Clothing Company, LLC in the state of Alabama with the designated purpose of creating and selling clothing and apparel. *See* Ex. M to this Complaint.

43. The website domain, www.southernretrieverco.com, (the "Defendant Website") was registered with GoDaddy.com, LLC on December 2, 2014 and was later launched in early 2015. *See* Ex. N to this Complaint.

44. Since the launch of the Defendant Website, Defendants use their social media accounts on Facebook and Instagram for marketing and selling merchandise that contains their trademarks pending in the United States Patent and Trademark Office under Serial Nos. 86/475,930 and 86/477,425 (collectively, "Defendants' Marks").

45. Defendants prominently display Defendants' Marks on all of their merchandise, website, and social media accounts for the sole purpose of nationally promoting and marketing their merchandise from their website, which includes not only clothing such as shirts and hats, but now also koozies, stickers, and decals. *See*, *e.g.*, Ex. O.

46. Defendants featured Defendants' Marks on stickers and decals that were sold online through the combined use of their website and social media. *See*, *e.g.*, Ex. P to this Complaint.

47. Defendants' use of the name "Southern Retriever" to market and sell clothing, apparel, stickers and decals is in the same channel of trade as Mr. Byrne's brand of "Southern Retrievers."

48. Defendants have asserted their alleged trademark right against Mr. Byrne through a series of correspondence beginning with an Instagram message attached hereto as Ex. Q. It was Defendants' request that Mr. Byrne cease and desist an allegedly infringing use of the Southern Retrievers Marks and Name and limit himself to only decals.

49. Mr. Byrne has three pending trademark applications incorporating "Southern Retrievers" as shown in Exs. H-J.

50. Mr. Byrne does not intend to abandon the Southern Retrievers Marks and Name.

51. There is no question that as between the parties, Mr. Byrne is the senior user of the term "Southern Retrievers" on online merchandise and for a community.

52. Mr. Byrne suffered injury to its business and property, and damages, including but not limited to likelihood of consumer confusion, false connection, trademark dilution, as well as lost sales to potential and existing customers.

## FEDERAL CLAIMS

### Count 1, Lanham-Act Unfair Competition

53. Mr. Byrne hereby alleges and incorporates by reference the allegations of Paragraphs 1 through 52 of this Complaint.

54. The complained-of actions of Defendants have caused injury to Mr. Byrne, as set forth in detail above, and constitute unfair competition under Lanham Act § 43(a) (15 U.S.C. § 1125(a)).

55. Mr. Byrne is entitled under Lanham Act § 35 (15 U.S.C. § 1117) to recover damages, enhanced damages, profits, and litigation costs from Defendants for the unlawful actions of unfair competition.

### Count 2, Lanham-Act Exceptional Case

56.  Mr. Byrne hereby alleges and incorporates by reference the allegations of paragraphs 1 through 55 of this Complaint.

57.  Mr. Byrne is entitled under Lanham Act § 35 (15 U.S.C. § 1117) to recover reasonable attorney fees and treble damages for Defendants false or willful acts which make this case exceptional.

### Count 3, Lanham-Act Dilution

58.  Mr. Byrne hereby alleges and incorporates by reference the allegations of paragraphs 1 through 57 of this Complaint.

59.  By Defendants' conduct in transacting business online, Defendants have committed injury to the business of Mr. Byrne and have diluted the distinctive quality of Mr. Byrne's superior mark in violation of Lanham Act 15 U.S.C. § 1051 *et seq.*

60.  Mr. Byrne seeks to enjoin and restrain Defendant from using, practicing and enforcing Defendants' use of the term "Southern Retriever" in connection with creating and selling clothing and apparel and decals, in commerce and damages resulting from its activities and attorneys and costs of this action.

### Count 4, Trademark Infringement

61.  Mr. Byrne hereby alleges and incorporates by reference the allegations of paragraphs 1 through 60 of this Complaint.

62.  By Defendants' unauthorized use of the name "Southern Retriever" and its marks and conducting in transacting business online, Defendants have committed injury to the business of Mr. Byrne by causing confusion and/or mistake and/or deception in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 114(1).

63. Mr. Byrne seeks to enjoin and restrain Defendant from using, practicing and enforcing Defendants' use of the term SOUTHERN RETRIEVER in commerce, and damages resulting from its activities and attorneys and costs of this action.

### Count 5, Declaratory Judgment of Infringement, Unfair Competition, Dilution, and Injunction of Continued Use

64. Mr. Byrne hereby alleges and incorporates by reference the allegations of paragraphs 1 through 63 of this Complaint.

65. For the reasons set forth in detail above, Mr. Byrne is entitled under Lanham Act § 37 (15 U.S.C. § 1119) and 28 U.S.C. § 2201(a) to a declaratory judgment declaring that Defendants' use of the "Southern Retriever" name and mark: (a) causes confusion, or mistake, or deceives the public in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); (b) constitutes unfair competition and a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (c) constitutes unfair competition and trademark infringement under state statutory and/or common law; (d) constitutes trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and (e) constitutes dilution in violation of statutory or common law.

66. Mr. Byrne is entitled under Lanham Act § 34 (15 U.S.C. § 1116) to an injunction against any continued use of any term containing the words "Southern Retriever" by Defendants.

### LOUISIANA STATE-LAW CLAIMS

### Count 5, Louisiana Unfair Competition & Trade Practices Claim

67. Mr. Byrne hereby alleges and incorporates by reference the allegations of paragraphs 1 through 66 of this Complaint.

68. The complained-of actions of Defendants causing ascertainable losses to Mr. Byrne, as set forth in detail above, are unfair competition and unfair or deceptive acts or practices in violation of the Louisiana Unfair Trade Practices Act (LUTPA), La. R.S. 51:1405, *et seq.,* which entitles Mr. Byrne to compensable damages.

69. Mr. Byrne seeks to enjoin and restrain Defendants from using the term "Southern Retriever" in commerce and damages resulting from its activities, and attorneys fees and costs of this action.

70. Mr. Byrne is entitled under the LUTPA to recover damages for Defendants' unfair-competition injury.

71. Mr. Byrne is entitled under the LUTPA to recover treble damages and reasonable attorney fees for Defendants' false or willful actions.

### Count 6, Louisiana Dilution Claim

72. Mr. Byrne hereby alleges and incorporates by reference the allegations of paragraphs 1 through 71 of this Complaint.

73. By Defendants' conduct utilizing the name "Southern Retriever" to transact business online, Defendants have committed injury to the business of Mr. Byrne and have diluted the distinctive quality of Mr. Byrne's superior mark pursuant to LA R.S. 51:223.1.

74. Mr. Byrne seeks to enjoin and restrain Defendants from using the term "Southern Retriever" in commerce and damages resulting from its activities, and attorneys fees and costs of this action.

### RELIEF REQUESTED

75. WHEREFORE, Mr. Byrne prays for a judgment in its favor and against Defendant ordering and declaring:

76. Mr. Byrne has the exclusive right to use the mark "Southern Retrievers" on stickers and decals and in connection with clothing and apparel and other like merchandise.

77. That Defendants, and each of their officers, directors, agents, servants, employees, and representatives, and those persons in active concert or participation with them or any of them, be permanently enjoined and restrained from:

78. Using on or in connection with the manufacture, advertisement, promotion, displaying for sale, distribution of any articles or merchandise, advertising for any purpose whatsoever, the designation "Southern Retriever" in commerce.

79. Representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake or to deceive consumers into believing that the Defendants' services originated with or are the services of Mr. Byrne, or that there is any affiliation or connection between Mr. Byrne and Defendant or their products and from otherwise unfairly competing with Mr. Byrne, including using or in connection with the production, manufacture, advertisement, domain name, promotion, displaying for sale, offering for sale, sale, or distribution of any articles of merchandise or service, or for any purpose whatsoever, the mark "Southern Retriever" in commerce.

80. Using any mark in a manner as to dilute the distinctive quality of Mr. Byrne's "Southern Retrievers" mark.

81. Applying for registration of any trademark or service mark or domain name containing the designation "Southern Retriever".

82. That Defendants be required pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, to file with this Court a written report by Defendants under oath setting forth in detail the manner in which Defendants have complied with the orders of this Court.

83. That Defendants be required to pay damages, enhanced damages, treble damages, costs, and interest in an amount to be determined by this Court.

84. Awarding damages to compensate Mr. Byrne for Defendants' acts of unfair competition, unfair trade practices, violation of the Lanham Act, and Louisiana law, and all such other and further relief as is available at law or in equity, that this Court deems just, equitable, and proper under the circumstances.

85. That Mr. Byrne recover reasonable attorney's fees pursuant to Section 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117 and LSA-R.S. 51:1434.

86. That Mr. Byrne recover its taxable costs and disbursements herein.

Date: December 11, 2015                    Respectfully submitted,

**Summons to be requested**                */s./ Thomas S. Keaty*
**at a later date**

                                              Keaty Law Firm
                                              Thomas S. Keaty – 7666, T.A.
                                              365 Canal Street, Suite 2410
                                              New Orleans, Louisiana 70130
                                              (504) 524-2100
                                              tskeaty@keatypatentfirm.com

                                              *Attorney for Plaintiff*