UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHANE BYRNE,** <br> **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 15-6717** |
| **ANDREW WALLACE RIPPY,** <br> **ET AL.,** <br> **Defendants** | **SECTION "E"(4)** |

### ORDER AND REASONS

Before the Court is the Rule 12(b)(6) motion to dismiss by Defendants, Andrew Wallace Rippy and Southern Retriever Clothing Company, LLC ("Defendants").[1] Plaintiff Shane Byrne timely opposed the motion.[2] Defendants moved for leave to file a reply, which Plaintiff opposed.[3] For the reasons stated below, the Court grants Defendants' motion insofar as it will dismiss Plaintiff's claim for trademark infringement with prejudice, but denies Defendants' motion in all other regards.

## I. Background

Plaintiff alleges that he is the owner and founder of an online business that caters to and has a large following of "people who have a passion for sporting dogs and outdoor activities."[4] Plaintiff alleges that, beginning as early as October 13, 2014, he has marketed a "Southern Retrievers" brand in commerce on various social media platforms and a website.[5] Plaintiff alleges that he began by selling decals in October 2014, then, in

---

[1] R. Doc. 28.
[2] R. Doc. 34.
[3] R. Docs. 16 & 17. Plaintiff makes the unsupported contention that Defendant's reply would be untimely. Defendant filed its motion for leave to file a reply on the noticed submission date for its motion to dismiss. The Court in its discretion will grant the motion for leave and considers the reply herein.
[4] R. Doc. 1 at 4–8.
[5] *Id.* Plaintiff alleges he has actively posted on an Instagram account with the "Southern Retrievers" name as early as November 29, 2013. *Id.*

1

accordance with a business plan, expanded to sales of clothing, apparel, and accessories.[6] Plaintiff alleges that he filed three applications for trademark registration with the U.S. Patent and Trademark Office ("PTO") on October 30, 2015.[7] The applications were for trademarks of: 1) a "dog with the letters SR overlay on neck of dog and Southern Retrievers along bottom of mark;" 2) a "dog with letters SR overlay on neck of dog;" and 3) "SOUTHERN RETRIEVERS."[8]

Plaintiff alleges that, on December 9, 2014, Defendants filed an intent-to-use application with the PTO for a word mark on "SOUTHERN RETRIEVER"[9] and a logo consisting of a silhouette of a retriever dog.[10] Plaintiff alleges that Defendants launched a clothing, apparel, sticker, and decal business in early 2015, with the two marks prominently featured on Defendants' merchandise, website, and social media accounts.[11] Plaintiff alleges that Defendants has asserted a trademark right over Plaintiff through correspondence and have requested that Plaintiff cease and desist, limiting sales only to decals.[12] Plaintiff alleges that, as the senior user of the term "Southern Retrievers," his business and property interests have been damaged due to consumer confusion, false connection, trademark dilution, and lost sales.[13]

Plaintiff filed suit on December 11, 2015, alleging five federal law counts against Defendants under the Lanham Act for: 1) unfair competition; 2) attorneys' fees and treble damages; 3) dilution; 4) trademark infringement; and 5) declaratory judgment for

---

[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] At one point in the complaint, Plaintiff alleges that the intent-to-use application was for the mark "SOUTHERN RETRIEVERS"; however, all subsequent references to the application assert that the mark is "SOUTHERN RETRIEVER." *See id.* at 8–9.
[10] *Id.* at 8–10.
[11] *Id.* at 10.
[12] *Id.* at 11.
[13] *Id.*

infringement, unfair competition, and dilation and injunctive relief against Defendants' continued use.[14] Defendants filed the instant motion to dismiss on May 19, 2016, arguing that Plaintiff cannot state a claim for dilution or infringement under the Lanham Act.[15]

## II. Arguments of the Parties

Defendants only seek dismissal of Plaintiff's claims for trademark dilution and infringement. As to dilution, Defendants argue that Plaintiff cannot state a claim for trademark dilution, because he has not alleged that his marks are "famous," nor when the marks allegedly became famous, thereby making it impossible to know whether Plaintiff's marks were famous before Defendants commenced use of their marks.[16] Should the Court determine that Rule 12(b)(6) dismissal is not the appropriate remedy for the deficiency of Plaintiff's complaint, Defendants ask that the Court order Plaintiff to provide a more definite statement of his dilution claim under Rule 12(e). As to infringement, Defendants argue dismissal is appropriate, because none of Plaintiff's marks are actually registered.[17] Defendants assert the PTO has "refused registration of all three of Plaintiff's trademark applications."[18]

While not making it explicit, Plaintiff apparently concedes that his trademarks are pending, not registered, and states "Mr. Byrne acknowledged the lack of trademark registrations for the purpose of 15 U.S.C. § 1114 and maintains his other claims, including the claims under 15 U.S.C. § 1125.[19] However, Plaintiff contends his complaint alleges that

---

[14] *Id.* at 11–13. Plaintiff also alleges two state-law counts against Defendants, which are not at issue for the purposes of Plaintiff's motion to dismiss. *See id.* at 13–14.
[15] *See* R. Doc. 28.
[16] *Id.* at 3–5.
[17] *Id.* at 5–6.
[18] *Id.* at 6.
[19] R. Doc. 34 at 4–5.

he had a large number of followers on the Internet in connection with his marks, which is adequate for the purposes of a complaint to establish his marks were famous.[20]

### III. Standard of Law

When deciding a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff. *Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013). The Court may consider only the pleadings, the documents attached to or incorporated by reference in the plaintiff's complaint, the facts of which judicial notice may be taken, matters of public record, and documents attached to a motion to dismiss "when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014); *see also U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003); *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996).

For the complaint to survive a motion to dismiss, the facts taken as true must state a claim that is plausible on its face. *Brand*, 748 F.3d at 637–38. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation omitted) (internal quotation marks omitted). A complaint is insufficient if it contains "only labels and

---

[20] *Id.* at 3.

conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley*, 726 F.3d at 638 (citation omitted) (internal quotation marks omitted).

## IV. Analysis

*A. Dilution*

A dilution by blurring claim alleges an "association arising from the similarity between a mark or trade name and a famous mark that impairs the distinctiveness of the famous mark." 15 U.S.C. § 1125(c)(2)(B). Under 15 U.S.C. § 1125(c), "the owner of a famous mark that is distinctive, inherently or through acquired distinctiveness, shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury." "A mark is famous if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2)(A). To determine whether a mark has achieved the "requisite degree of recognition," courts may consider any relevant factor, such as: (i) the extent, duration, and geographic reach of publicity and advertising of the mark; (ii) the amount and geographic extent of sales of goods offered; (iii) the extent of actual recognition; and (iv) whether the mark was registered. *See* 15 U.S.C. §§ 1125(c)(2)(A)(i)-(iii).

Taking the facts alleged in the complaint as true, the Court concludes Plaintiff has adequately alleged a dilution claim. According to Plaintiff's complaint, he established a large following on the Internet connected with his marks beginning in late 2013 and began selling decals baring the marks roughly three months before Defendants began selling

5

goods using their respective marks. Defendants point the Court to no authority indicating that it is not at least plausible that Plaintiff had famous marks established before Defendants began use of their allegedly diluting marks. The complaint puts Defendants on sufficient notice of the time period and manner in which Plaintiff allegedly developed the famous marks. The fact that Plaintiff did not explicitly allege he had a famous mark or state the date upon which the mark allegedly became famous for the purposes of 15 U.S.C. § 1125(c) does not render the complaint deficient. As such, the Court denies Defendants' motion to dismiss Plaintiff's dilution claim.

*B. Infringement*

Plaintiff's claim for infringement under 15 U.S.C. § 114(1) is clearly deficient. Plaintiff's complaint makes clear that his trademark applications are pending and his opposition to Defendants' motion does not represent otherwise. To state a claim under 15 U.S.C. § 1114(1), a plaintiff must allege infringement of a registered mark. Particularly given that Plaintiff constructively consents to dismissal, the Court will dismiss Plaintiff's infringement claim with prejudice.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss[21] is **GRANTED IN PART** and **DENIED IN PART** in that the Court **DISMISSES WITH PREJUDICE** Plaintiff's Count 4 for trademark infringement,[22] but **DENIES** Plaintiff's motion in other regards.

**New Orleans, Louisiana, this 13th day of July, 2016.**

                                  _____
                                         **SUSIE MORGAN**
                              **UNITED STATES DISTRICT JUDGE**

---

[21] R. Doc. 28.
[22] *See* R. Doc. 1 at 12–13.